IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBYN ANDERSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No.: |
| V. | ) | |
| | ) | JURY TRIAL DEMANDED |
| COMMONWEALTH NATIONAL BANK, | ) | |
| | ) | |
| | ) | |
| DEFENDANT(S). | ) | |

## COMPLAINT

## JURISDICTION

1.     Plaintiff brings this action for injunctive relief and damages under 28 U.S.C. §§ 1331, 1343(4), 2201, and 2202. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights caused by Defendant.

2.     This is a suit authorized and instituted under the Age Discrimination in Employment Act, 29 U.S.C. § 621, 626(d)(1), et seq. (ADEA).

3.     This suit is authorized and instituted under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII).

4.     This suit is authorized and instituted under the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"), and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

5. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). The plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## PARTIES

6. Plaintiff, Robyn Anderson, ("Plaintiff" or "Anderson") is a resident of Mobile County, Alabama, and performed work for the Defendant in the counties composing the  during the events of this case. Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the  Division.

7. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).

8. At all times relevant to this Complaint Plaintiff was engaged in interstate commerce.

9. At all times relevant to the allegations in this Complaint, Plaintiff was over the age of forty (40).

10. Defendant Commonwealth National Bank ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama. It is subject to service of process in Alabama.

11. Defendant employed at least fifteen (15) people during the current or preceding calendar year.

## FACTS

12. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

13. Ms. Anderson is a woman.

14. Ms. Anderson is over the age of 40, specifically, she is 50.

15. Ms. Anderson began working for the Defendant on or about March 11, 2024, as an Assistant Vice President of Commercial Lending.

16. Defendant hired Cristal Locke, a woman in her mid-30's, a week later to fill the second position for Assistant Vice President of Commercial Lending.

17. On or about May 13, 2025, CEO Sidney King ("Sidney") told Ms. Anderson that some changes were going to be made and that she needed to vacate her office.

18. Specifically, Sidney said he and Chairman of the Board, Patrick Cooper ("Patrick"), decided to move Ms. Anderson to the main office on St. Stephens Road, because someone else would need Ms. Anderson's "big office."

19. Ms. Anderson informed him that the market was stronger there and she had already been actively working with contacts in the area, while also making it clear that she was willing to go wherever the company needed her.

20. On or about May 28, 2025, Ms. Anderson went out on personal leave to have an elective surgery.

21. On or about June 12, 2025, Defendant hired Reco Crayton, an individual younger than Plaintiff, in a newly titled position as Vice President of Commercial Lending.

22. Defendant created this position without notice or posting.

23. Defendant did not allow Ms. Anderson the opportunity to apply or compete for this position.

24. On or about June 16, 2025, Ms. Anderson returned from her personal leave.

25. On the weekly managers' Zoom call, Defendant introduced Reco and stated he would be joining the Lending Team.

26. Patrick said, "We have been trying to get Reco to join us for over a year."

27. Afterwards, Reco came into Ms. Anderson's office and again reiterated Defendant had been trying to get him to join for over a year.

28. On or about June 20, 2025, Defendant terminated Ms. Anderson's employment.

29. Sidney told Ms. Anderson that the board decided to eliminate both Assistant Vice President of Commercial Lending positions, effective immediately.

30. Even though Defendant was eliminating both roles, Sidney stated, "We found a spot for Cristal in Retail, but she will be paid less."

31. Defendant did not offer Ms. Anderson any alternative employment.

32. Cristal worked in her role as Assistant Vice President of Commercial Lending with the same pay until her resignation in January 2026.

33. Defendant gave Reco, Ms. Anderson's entire portfolio, her office, he assumed all of her responsibilities, and a salary higher than about $30,000.

34. The Vice President of Commercial Lending and Assistant Vice President of Commercial Lending have the same functions, both roles reporting to the same leadership, and no direct reports.

35. At the time of Ms. Anderson's termination, there were no discipline or performance issues in her employee file.

## COUNT I ADEA FAILURE TO PROMOTE/HIRE

37. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

38. At all times relevant to the allegations in this Complaint, Plaintiff was over the age of forty (40).

39. Defendant hired Plaintiff on or about March 11, 2024.

40. On or about June 12, 2025, Defendant hired Reco Crayton, an individual younger than Plaintiff, in a newly created role, as Vice President of Commercial Lending.

41. Defendant created this position without notice or posting.

42. Defendant did not allow Plaintiff the opportunity to apply or compete for this position.

43. Defendant's actions in not promoting Plaintiff, while selecting a substantially younger employee under the age of 40, violated the ADEA.

44. Because of Defendant's violation of ADEA, Plaintiff has been damaged, suffering loss of pay and benefits.

## COUNT II ADEA - TERMINATION

45. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

46. At all times relevant to the allegations in this Complaint, Plaintiff was over the age of forty (40).

47. Defendant hired Plaintiff on or about March 11, 2024.

48. Defendant's employee, Sidney King, terminated Plaintiff's employment on or about June 20, 2025.

49.    When Defendant terminated Plaintiff's employment, Plaintiff was over forty (40) years of age and substantially older than Reco Crayton.

50.    Defendant's actions in terminating Plaintiff's employment, while retaining substantially younger employees, violated the ADEA.

51.    Because of Defendant's violation of ADEA, Plaintiff has been damaged, suffering loss of pay and benefits.

## COUNT III TITLE VII – SEX – FAILURE TO HIRE/PROMOTE

52.    Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

53.    Plaintiff is a woman.

54.    Plaintiff was qualified for the Vice President of Commercial Lending position.

55.    On or about June 12, 2025, Defendant created and filled the Vice President of Commercial Lending position without notice or posting.

56.    Defendant did not allow Plaintiff the opportunity to apply or compete for this position.

57.    Defendant's sex was a motivating factor in Defendant's decision not to hire/promote Plaintiff.

58.    Defendant's actions in not promoting/hiring Plaintiff violated Title VII.

**COUNT IV TITLE VII – SEX – DISCHARGE**

59.    Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

60.    Plaintiff is a woman.

61.    Plaintiff was qualified for the position of Assistant Vice President of Commercial Lending.

62.    Defendant's employee, Sidney King, terminated Plaintiff's employment on or about June 20, 2025.

63.    Defendant did not offer Plaintiff any alternative employment, while Cristal Locke remained employed and continues to work in her role as Assistant Vice President of Commercial Lending with the same pay.

64.    Defendant's actions in terminating Plaintiff's employment violated Title VII.

65.    Because of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay and benefits.

66.    Defendant's sex was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

**COUNT V EQUAL PAY ACT (29 U.S.C. § 206(d))**

67.    Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

68.    Plaintiff is a woman.

69.    Defendant gave Reco Crayton Plaintiff's entire portfolio, Plaintiff's office, and he assumed Plaintiff's responsibilities.

70.    The Vice President of Commercial Lending and Assistant Vice President of Commercial Lending have the same functions, both roles reporting to the same leadership, and no direct reports.

71.    Defendant paid Reco Crayton a salary higher than Plaintiff's by about $30,000.

72.    Defendant's pay differential was based on sex and was not made pursuant to a seniority system, merit system, a system which measures earnings by quantity or quality of production, or a differential based on any factor other than sex.

73.    Because of Defendant's violation of the Equal Pay Act, Plaintiff has been damaged, suffering loss of pay and benefits.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for the following relief:

A.    Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at

the Defendant's request from continuing to violate the terms of the Age Discrimination in Employment Act.

B.      Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Title VII of the Civil Rights Act of 1964.

C.      Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of the Equal Pay Act and the Fair Labor Standards Act.

D.      Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position she would have had, had she not been terminated;

E.      Award her back pay, with employment benefits, front pay, liquidated damages, compensatory damages, special damages, punitive damages, nominal damages;

F.      Attorneys' fees and costs;

G.      Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

H.    Any different or additional relief as determined by the Court to which Plaintiff is entitled.


Respectfully submitted,


/s/ *Porcha Anthony Davis*

Porcha Anthony Davis
ASB 1914P47D


The Workers' Firm LLC
2 20th St. North Suite 900
Birmingham, AL 35203
T: 205.564.9005 F: 205.564.9006
porcha@theworkersfirm.com

*Attorney for Plaintiff*


## PLEASE SERVE DEFENDANT AS FOLLOWS

**Commonwealth National Bank**

**2214 Saint Stephens Road**

**Mobile, AL 36617**